IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUALITY INFUSION CARE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-06-1774 |
| | § | |
| HUMANA HEALTH PLAN OF TEXAS, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending are Defendant Humana Health Plan of Texas, Inc.'s Motion to Dismiss (Document No. 10)[1] and Plaintiff Quality Infusion Care, Inc.'s Motion to Remand (Document No. 11). After carefully considering the motions, response, and the applicable law, the Court concludes that the Motion to Dismiss should be granted.

I.  Background

This is another in a series of similar cases filed by Plaintiff Quality Infusion Care, Inc. ("Plaintiff"), a licensed

---

[1] Because Defendant filed an answer in state court before removing, see Document No. 1 ex. A at 9-10, its Motion to Dismiss Under Rule 12(b)(6) is untimely.  See FED. R. CIV. P. 12(b) (requiring that motion for dismissal for failure to state a claim be "made before pleading").  However, the Court will consider the motion as one for judgment on the pleadings under Rule 12(c).  See Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)(per curiam).

pharmacy that provides drugs for home infusion therapy to seriously ill patients, seeking recovery of assigned ERISA plan benefits that were not paid because Plaintiff is an out-of-network provider. In this case Plaintiff allegedly provided $8,144.18 in prescription medications to Eric Carstens ("Carstens"), who was insured under a policy (the "Plan") administered by Defendant Humana Health Plan of Texas, Inc. ("Defendant"). Carstens assigned his rights, benefits, and claims under the Plan to Plaintiff before receiving the medications. Plaintiff requested payment from Defendant, which Defendant denied on the grounds that Plaintiff was an out-of-network provider under the terms of the Plan. Document No. 1 ex. A at 3.

Plaintiff filed suit in state court claiming an entitlement to payment from Defendant pursuant to the Texas "Any Willing Provider" statute ("AWP"). TEX. INS. CODE ANN. art. 21.52B § 2(a). Defendant removed on the basis of preemption under the Employee Retirement Income Security Act (1974)("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendant now moves to dismiss, contending *inter alia* that Plaintiff's action under the AWP statute is "completely preempted" by ERISA. Document No. 10 at 1. In response, Plaintiff moves to remand, asserting that jurisdiction is lacking because ERISA does not preempt its claim. Document No. 11 at 3.

II.   Standard of Review

A.   Removal under ERISA

There are two types of preemption under ERISA: (1) "complete" preemption under § 502, 29 U.S.C. § 1132; and (2) express or "conflict" preemption under § 514, 29 U.S.C. § 1144.  *See* Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 275 n.34 (5th Cir. 2004); Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336-37 (5th Cir. 1999).  ERISA completely preempts "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy" provided in § 502.  Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004).  ERISA § 502(a)(1)(B) authorizes a participant or beneficiary of an ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Because this section provides a civil enforcement cause of action, it "completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action" and can therefore be removed.  Haynes v. Prudential Health Care, 313 F.3d 330, 333-34 (5th Cir. 2002)(quoting Giles, 172 F.3d at 334; Pryzbowski v. U.S. Healthcare Inc., 245 F.3d 266, 277 (3d Cir. 2001)).

Section 514(a) of ERISA, in contrast, provides for ordinary conflict preemption. This section provides that ERISA preempts state laws that "relate to an employee benefit plan . . . ." 29 U.S.C. § 1144(a). However, any law that "regulate[s] insurance" is excluded from preemption under § 514. *See* ERISA § 514(b)(2)(A), 29 U.S.C. 1144(b)(2)(A); *see also* Ky. Ass'n of Health Plans, Inc. v. Miller, 123 S. Ct. 1471, 1474 (2003); Rush Prudential HMO, Inc. v. Moran, 122 S. Ct. 2151, 2158 (2002). Conflict preemption under § 514(a) governs the law that will apply to state law claims and does not create a basis for removal, although it provides an affirmative defense to claims not completely preempted under § 502. *See* Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Ca., 103 S. Ct. 2841, 2853-55 (1983); Haynes, 313 F.3d at 334.

B.  Standard for Dismissal Pursuant to Rule 12(c)

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004); *accord* Onwuteaka v. Nw. Airlines, Inc., Civil Action No. H-07-0363, 2007 WL 1406419, at *1 (S.D. Tex. May 10, 2007)(quoting Johnson). Thus, the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Texas A & M

Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) "'[T]he court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.'" Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002)(quoting Jones, 188 F.3d at 324).

### III.  Discussion

Three recent decisions of this Court, in cases virtually identical to this one, have considered and rejected the arguments and other substantially similar arguments made by Plaintiff in this case. *See* Quality Infusion Care, Inc. v. Unicare Health Plans of Tex., Civil Action No. H-06-3752, 2007 WL 1887734 (S.D. Tex. June 29, 2007)(Atlas, J.); Quality Infusion Care, Inc. v. Unicare Health Plans of Tex., Civil Action No. H-06-1689, 2007 WL 760368 (S.D. Tex. Mar. 8, 2007)(Lake, J.); Quality Infusion Care Inc. v. Aetna Health Inc., Civil Action No. H-05-3308, 2006 WL 3813774, at **6-7 (S.D. Tex. Dec. 26, 2006)(Rosenthal, J.).

As these opinions explain, the Supreme Court in Davila held that ERISA completely preempts a state-law cause of action "'if an individual, at some point in time, could have brought his claim under [ERISA § 502], and where there is no other independent legal duty that is implicated by a defendant's actions.'" *See* Aetna Health, Inc., 2006 WL 3813774, at *7 (quoting Davila, 124 S. Ct. at

2496); *see also* Unicare Health Plans of Tex., 2007 WL 1887734, at *2 (same); Unicare Health Plans of Tex., 2007 WL 760368, at * 3 (citing Davila, 124 S. Ct. at 2496). Miller does not control, because Miller dealt with express preemption under § 514, not complete preemption under § 502(a). *See* Unicare Health Plans of Tex., 2007 WL 760368, at **2-3; Aetna Health, Inc., 2006 WL 3813774, at *6. Plaintiff's claim under the Texas AWP as an assignee of benefits allegedly due to the insured under an ERISA plan arises out of duties created by ERISA or the terms of an ERISA-regulated plan, and could otherwise have been brought under ERISA. *See* Unicare Health Plans of Tex., 2007 WL 760368, at * 3; Aetna Health, Inc., 2006 WL 3813774, at *7. Moreover, as Judge Lake noted, the Texas AWP does not give rise to obligations independent of ERISA or plan terms, because it prohibits a plan from restricting an insured's choice of pharmacy only to the extent that the policy itself provides coverage for the services. *See* Unicare Health Plans of Tex., 2007 WL 760368, at *3. The reasoning of these cases regarding the preemption issue is persuasive and is adopted here. Accordingly, Plaintiff's claim under the Texas AWP is completely preempted under ERISA, and jurisdiction is therefore proper.

Furthermore, Plaintiff's sole claim for relief is not viable, and Plaintiff has neither sought to amend its claim nor asserted that its claim is cognizable under ERISA. Because Plaintiff cannot

prevail under any set of facts consistent with its pleading, its claim must therefore be dismissed.  *Cf.* <u>Unicare Health Plans of Tex.</u>, 2007 WL 1887734, at *2; <u>Unicare Health Plans of Tex.</u>, 2007 WL 760368, at *4.

## IV.  <u>Order</u>

It is therefore ORDERED that Plaintiff Quality Infusion Healthcare, Inc.'s Motion to Remand (Document No. 11) is DENIED. It is further ORDERED that Defendant Humana Health Plan of Texas, Inc.'s Motion to Dismiss (Document No. 10) is GRANTED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 14th day of August, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE